UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DECHEL DOSSETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-104-RLM-MGG |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Dechel Dossett, a prisoner without a lawyer, filed a complaint against five defendants alleging that he's been subjected to unconstitutional conditions of confinement at the Indiana State Prison. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Dossett alleges that he was moved from general population to D-Cellhouse on July 28, 2021 because of a disciplinary infraction. About a week later, on August 4, 2021, he was moved from cell 327 East to cell 427 East in D-Cellhouse because the lights in cell 327 East didn't work. On September 20, 2021, Mr. Dossett was moved

from cell 427 East to cell 209 East in D-Cellhouse because his toilet wouldn't flush, and it had overflowed and flooded his cell.

Mr. Dossett asserts that, after he was moved to D-Cellhouse in July 2021, Lieutenant Lott would only give him one pair of boxer shorts, one pair of socks, and one t-shirt. For about five months, he had to wear the same clothing and could only wash his clothes out in the sink in his cell with a bar of soap. Mr. Dossett states he had only had one sheet and the sheet wasn't washed because he was never given a laundry bag. He wasn't allowed to have his toothbrush and had to buy one from the commissary. Mr. Dossett had difficulty using his new toothbrush because the brush contained rubber bristles that were adhered to a piece of rubber which he placed on his finger, but he was unable to reach far enough back in his mouth to brush all of his teeth.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir.

2

2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Mr. Dossett's allegations that he had to wear the same boxer shorts, socks, and t-shirt for five months without them being laundered doesn't implicate constitutional concerns because he concedes he was able to wash his clothes in the sink in his cell with a bar of soap. ECF 1 at 5. *See* Passmore v. Josephson, 376 F. Supp. 3d 874, 881-882 (N.D. Ill. 2019) (collecting cases finding no constitutional violation where inmates had the ability to launder their clothes themselves). It's unclear how Mr. Dossett was harmed by the lack of clean laundry more regularly. Myers v. Ind. Dep't of Corr., 655 F. App'x 500, 503-504 (7th Cir. 2016) (discussing when inadequate laundry procedures might violate the Eighth Amendment). The risk of harm from dirty clothes is too speculative, without more, to establish "an unreasonable risk of serious damage to the prisoner's future health." *See* Henderson v. Sheahan, 196 F.3d 839, 846-847 (7th Cir. 1999). While Mr. Dossett asserts he had difficulty brushing his back teeth

3

with a rubber toothbrush he purchased from the commissary, he hasn't explained how he was harmed by using the toothbrush or denied the minimal civilized measures of life's necessities. Mr. Dossett hasn't stated a claim under the Eighth Amendment.

Mr. Dossett next asserts that Captain Dustin moved him to cell 209 East in D-Cellhouse in September 2021. The cell was dilapidated and unsanitary, the walls looked as if they were covered with fecal matter, the sink and toilet were dirty, and there was the smell of urine as if the toilet had not been cleaned in several months. The smell from the toilet caused Mr. Dossett to vomit when it was hot in his cell. Because of the condition of his cell, he asked to speak to Lieutenant Lott. Mr. Dossett asked Lieutenant Lott for a broom, mop, toilet brush, cleaning chemicals, a dust mask, and gloves. Lieutenant Lott said he didn't have any supplies that Mr. Dossett could use to clean his cell. Mr. Dossett filed a grievance about the situation, but he never received a response. Mr. Dossett asserts that, for about a three-month period while he was housed in cell 209 East, he was never given a broom, mop, or toilet brush to clean his cell.

Mr. Dossett hasn't stated Eight Amendment claims against either Captain Dustin or Lieutenant Lott. As to Captain Dustin, he hasn't alleged that Captain Dustin knew about the dilapidated and unsanitary condition of cell 209 East when he moved Mr. Dossett into the cell. As to Lieutenant Lott, Mr. Dossett alleges that he asked Lieutenant Lott for cleaning supplies, but Lieutenant Lott said he didn't have any supplies Mr. Dossett could use to clean his cell. Mr. Dossett asserts he had no access to any cleaning supplies for about three months while he was housed in cell

4

209 East, but he has not indicated how many times he requested cleaning supplies or if he asked someone other than Lieutenant Lott for supplies. Indicating that cleaning supplies were unavailable on a single occasion does not amount to a constitutional violation. Neither Captain Dustin's nor Lieutenant Lott's conduct amounts to deliberate indifference.

Mr. Dossett also asserts that cell 209 East contained what looked like concrete dust and the dust was everywhere in the cell. He says maintenance supervisor Jacob Wilson was responsible for the concrete dust being in his cell because he and a group of construction workers tore chunks of concrete out of the walls of 99 cells in D-Cellhouse to replace old light fixtures. Mr. Dossett asserts the construction caused dust to blanket the cells and, given when ISP was built, the dust contained asbestos. He states the dust was never cleaned up and, as a result, he was forced to breathe in asbestos. *Id*.

A complaint must contain enough factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). Because Mr. Dossett's allegations amount to

nothing more than speculation that the dust in his cell contained asbestos, he can't proceed against Mr. Wilson on this complaint.

Mr. Dossett has also sued Warden Ron Neal because he is in charge at the prison and didn't properly train his officers on how to fulfill their constitutional obligations of providing prisoners with adequate clothing, hygiene items, and sanitation. Failure to train claims under the Eighth Amendment context, "may only be maintained against a municipality." Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) *citing* Farmer v. Brennan, 511 U.S. at 841. Warden Neal isn't a municipality in either his individual or official capacity.

To the extent Mr. Dossett is alleging that Warden Neal didn't properly supervise his subordinates, a supervisor can't be held liable under 42 U.S.C. § 1983 simply because he was the supervisor. *See* Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). To the extent Mr. Dossett claims Warden Neal violated Indiana Department of Correction policy by not providing him with sanitary living conditions, a violation of Department of Correction policy isn't the same as a constitutional violation. *See* Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Accordingly, Mr. Dossett may not proceed against Warden Neal.

6

Finally, Mr. Dossett has sued Grievance Officer Josh Wallen. He asserts Mr. Wallen tried to impede his efforts to file this case because Mr. Wallen wouldn't review, process, or respond to his grievances. Mr. Dossett has no constitutional right to access the grievance process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Mr. Dossett hasn't stated a claim here.

This complaint doesn't state a claim for which relief can be granted. If Mr. Dossett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Dechel Dossett until **January 31, 2023**, to file an amended complaint; and

(2) CAUTIONS Mr. Dossett that if he doesn't respond by January 31, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

7

SO ORDERED on January 3, 2023

                                                        s/ Robert L. Miller, Jr.
                                                        JUDGE
                                                        UNITED STATES DISTRICT COURT