UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DECHEL DOSSETT,

    Plaintiff,

        v.                     CAUSE NO. 3:22-CV-104-RLM-JPK

LOTT,

    Defendant.

OPINION AND ORDER

Dechel Dossett, a prisoner without a lawyer, filed an amended complaint against Lieutenant Lott alleging that he's been subjected to unconstitutional conditions of confinement at the Indiana State Prison. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

On July 28, 2021, Mr. Dossett was moved from general population to cell 327 East in D-Cellhouse because of a disciplinary infraction. Several days later, on August 4, he was moved to cell 427 East because the lights in cell 327 East didn't work. When Mr. Dossett arrived in cell 427 East, there was a strong odor of urine,

and the toilet wouldn't flush. He reported the situation to a correctional officer, who told him she would let Lieutenant Lott know the toilet wasn't working and Lieutenant Lott would put in a work order for a plumber to fix it. The toilet wasn't fixed during the day, so Mr. Dossett told a correctional officer on the night shift that his toilet wouldn't flush and his cell smelled like feces and urine. The correctional officer tried unsuccessfully to unclog the toilet.

The next day, August 5, when Mr. Dossett saw Lieutenant Lott walking on the range, he asked him why he hadn't called a plumber to fix his toilet. Lieutenant Lott said he had forgotten to call but would get the toilet fixed that day. Mr. Dossett had no choice but to use the toilet despite its condition. The smell from the toilet caused him to vomit. Mr. Dossett says he couldn't eat his food because his food began to taste like the smell in his cell. He asserts that his toilet wasn't fixed because Lieutenant Lott never put in a work order for a plumber to fix it. Mr. Dossett continued to complain to Lieutenant Lott and custody staff until he was moved out of the cell on September 20.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although

2

"the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Giving Mr. Dossett the inferences to which he is entitled at this stage of the proceedings, he has stated a claim against Lieutenant Lott for knowingly leaving him in a cell that didn't have a working toilet from August 4 until September 20, 2021, in violation of the Eighth Amendment.

Mr. Dossett was moved to cell 209 East in D-Cellhouse on September 20, 2021. He says the cell looked as if it was under construction as the walls were stripped bare and pieces of cement covered the floor. Mr. Dossett asserts the cell was very dirty and had dead cockroaches and mice in it. There was mold in the corner near the toilet and it looked as if the toilet had never been cleaned. The sink had a build-up of dirt and

3

grime. The electric socket didn't work and was melted. The walls looked as if they had feces on them. Mr. Johnson asserts that the cell appeared to be condemned.

When he saw the cell, he told custody officers he wouldn't go into the cell. Lieutenant Lott was called to the cell. Lieutenant Lott took pictures of the cell and told Mr. Dossett that he would spray him with mace if he didn't go into the cell. Mr. Dossett told Lieutenant Lott he needed a broom, mop, toilet brush, gloves, and some chemicals to clean the cell. Lieutenant Lott told Mr. Dossett he would get him the supplies, so Mr. Dossett entered the cell. Later, when he hadn't received the supplies, Mr. Dossett asked a correctional officer about them and was told Lieutenant Lott was on his way home. Mr. Dossett then yelled to Lieutenant Lott because he could hear him laughing in his office. Lieutenant Lott told him he didn't have any cleaning supplies and would ask the officer in charge on the night shift to bring him the supplies. A custody officer and the officer in charge on the night shift later told Mr. Dossett that there were no cleaning supplies and cell clean-ups were only done during the day shift.

After four days in cell 209 East, Mr. Dossett asked custody staff when his cell would be cleaned. The staff member indicated he hadn't heard anything about cell clean-ups, but would talk to Lieutenant Lott about getting him cleaning supplies. When the staff member returned, he told Mr. Dossett that Lieutenant Lott wasn't in the cellhouse. Because Mr. Dossett could hear Lieutenant Lott, he yelled to him and ask him to come to his cell. Mr. Dossett told Lieutenant Lott that he still needed cleaning supplies. Lieutenant Lott laughed and told him he forgot about the supplies

4

but would try to get him some before he left for the day. Mr. Dossett never received any cleaning supplies. Instead, he says the situation continued for three months while he was housed in cell 209 East.

Because of the unsanitary cell conditions, Mr. Dossett asserts he had to fight with the mice to eat his food and, if he was sleeping when he received his meal tray, the mice and cockroaches would climb the bars of his cell and get into his food tray. Because of this, he often went hungry. He couldn't sleep, experienced nightmares, twice fell ill with COVID, and had to put a trash bag over his toilet to mask the smell. Mr. Dossett had breathing problems and sharp pains in his side. Giving Mr. Dossett the inferences to which he is entitled at this stage of the proceedings, has stated a claim against Lieutenant Lott for knowingly leaving him in an unsanitary cell for three months beginning on September 20, 2021, in violation of the Eighth Amendment.

For these reasons, the court:

(1) GRANTS Dechel Dossett leave to proceed against Lieutenant Lott in his individual capacity for compensatory and punitive damages for knowingly leaving him in a cell that did not have a working toilet from August 4, 2021 until September 20, 2021, in violation of the Eighth Amendment;

(2) GRANTS Dechel Dossett leave to proceed against Lieutenant Lott in his individual capacity for compensatory and punitive damages for knowingly leaving him an unsanitary cell for three months beginning on September 20, 2021, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Lott at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 9);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if he does not waive service, if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Lott to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 24, 2023

    s/ Robert L. Miller, Jr.  
    JUDGE  
    UNITED STATES DISTRICT COURT