UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DECHEL DOSSETT,<br>　　Plaintiff, | )<br>)<br>) |
| 　　v. | ) CAUSE NO.: 3:22-CV-104-JEM<br>) |
| LOTT,<br>　　Defendant. | )<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a motion for summary judgment [DE 26] filed by Defendant Lott. Dechel Dossett, a prisoner without a lawyer, is proceeding in this case against Lt. Lott (1) "for knowingly leaving him in a cell that did not have a working toilet from August 4, 2021 until September 20, 2021, in violation of the Eighth Amendment[,]" and (2) "for knowingly leaving him an unsanitary cell for three months beginning on September 20, 2021, in violation of the Eighth Amendment[.]" [DE 10] at 5. In the instant motion for summary judgment, filed on November 20, 2023, Lt. Lott argues that Dossett did not exhaust his administrative remedies before filing this lawsuit. With the motion, Lt. Lott provided Dossett the notice required by Northern District of Indiana Local Rule 56-1(f). [DE 29]. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over three months ago, but Dossett has not responded. Therefore the court will now rule on Lt. Lott's summary judgment motion. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit Court of Appeals has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual

1

statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Lt. Lott provides an affidavit from the Grievance Specialist at Indiana State Prison ("ISP"), who attests to the following facts:[1] During all relevant times, an Offender Grievance Process was in place at ISP. Aff. at 2 [DE 26-1]. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id*. Dossett's grievance records indicate he did not complete any of these steps prior to filing this lawsuit. *Id*. at 6]. Specifically, Dossett's grievance records show the grievance office never received any grievance complaining of the condition of his cell or Lt. Lott's failure to address unsanitary living conditions. *Id.*

In this case, because it is undisputed Dossett did not submit any grievance related to his claim against Lt. Lott, and Dossett provides no evidence his administrative remedies were unavailable, Lt. Lott has met his burden to show Dossett did not exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the Court:

(1) **GRANTS** the defendants' summary judgment motion [DE 26]; and

(2) **DIRECTS** the Clerk of the Court to enter judgment in favor of Lt. Lott and against Dechel Dossett and to close this case.

SO ORDERED this 1st day of April, 2024.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record
    Plaintiff, *pro se*

---

[1] Because Dossett has not responded to Lt. Lott's summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").